EAG:RTP
F. #2015R01466

FILED
CLERK

2016 APR -6  PM 1:00

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------X

UNITED STATES OF AMERICA

- against -

ARMANDO AGOUSTO,
    also known as "Flee,"
FRANK BUIE,
HOWARD BUIE,
    also known as "Howie,"
DANIEL LORENZANA,
    also known as "Danny,"
CHRISTIAN MARQUEZ,
    also known as "Slime,"
CATHERINE RIVERA,
    also known as "Cat,"
MYSTER WALDEN,
    also known as "Dooley," and
MAURICE WASHINGTON,
    also known as "Flaco"
    and "Moe,"

              Defendants.

------------X

I N D I C T M E N T

Cr. No. __CR 16     168__
(T. 21, U.S.C., §§ 841(b)(1)(A)(iii),
841(b)(1)(C), 846, 853(a) and 853(p); T.
18, U.S.C., §§ 3551 et seq.)

CHEN, J.

SCANLON, M.J.

THE GRAND JURY CHARGES:

NARCOTICS TRAFFICKING CONSPIRACY

1.    On or about and between July 1, 2015 and March 19, 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ARMANDO AGOUSTO, also known as "Flee," FRANK BUIE, HOWARD BUIE, also known as "Howie," DANIEL LORENZANA, also known as "Danny,"

CHRISTIAN MARQUEZ, also known as "Slime," CATHERINE RIVERA, also known as "Cat," MYSTER WALDEN, also known as "Dooley," and MAURICE WASHINGTON, also known as "Flaco" and "Moe," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved a substance containing cocaine base, a Schedule II controlled substance, and a substance containing heroin, a Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1). The amount of cocaine base involved in the conspiracy attributable to each of the defendants as a result of his or her own conduct, and the conduct of other conspirators reasonably foreseeable to him or her, was 280 grams or more of a substance containing cocaine base.

(Title 21, United States Code, Sections 846, 841(b)(1)(A)(iii) and 841(b)(1)(C); Title 18, United States Code, Sections 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

3. The United States hereby gives notice to the defendants that, upon conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires the forfeiture of any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense.

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

  (Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

_____
FOREPERSON

_____
ROBERT L. CAPERS
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK